**Xue Mei LIU, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1574–AG.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Peter D. Lobel, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Paul S. Padda, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. CHESTER J. STRAUB, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings.

Xue Mei Liu petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We assume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on this petition.

### Asylum

Where, as here, the BIA summarily affirms the IJ, the Court reviews the IJ decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004).

■ The IJ first found that Liu's claim for asylum based on her forced abortion was significantly different from her airport and credible fear interviews, where she expressed fear of persecution by the Chinese government for being Christian.

This Court has observed that airport interviews have limited value and should be carefully scrutinized before concluding that they represent an accurate record of the alien's statements. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004). Liu had mentioned her dislike of Chinese family planning policies at her airport interview, but was not asked any further questions about that issue. Furthermore, Liu was only asked four questions during her first interview that elicited substantive answers about her claim; her second interview was paraphrased into six short sentences. Counsel was not present at either interview. None of these factors excuse Liu's fabrication of a religious persecution claim, but they may explain her failure to discuss her abortion and experience with family planning. Thus, the inconsistency between her interviews and her testimony before the IJ do not alone constitute substantial evidence to support the IJ's adverse credibility determination.

■ Second, the IJ found it implausible that Liu's husband would be issued a notarial birth certificate by the Chinese government in May 1993 if he was fleeing from arrest by that same government. We think that the IJ's finding of implausibility was speculative. The IJ assumed that Liu's husband obtained the certificate from the government himself, but asked nothing more of Liu with respect to how the document was obtained or conveyed to the immigration authorities. This Court held in *Secaida–Rosales* that an IJ's finding that it was implausible for an applicant to be issued a national card while subject to death threats was speculative, based on the IJ's unsupported opinion of how the Guatemalan government operated. 331 F.3d at 309–310. Similarly, without having questioned Liu or supported the finding with documents relating to the functioning of the Chinese government, the IJ's find-

ing of implausibility was speculative, and thus an improper basis for an adverse credibility finding. *See id.* at 307, 312.

■ The IJ also found it implausible that Liu could obtain a notarial birth certificate for herself if she feared sterilization by the Chinese government. But Liu only claimed to fear sterilization on account of the second child to which she gave birth in 2002 in the United States. It seems unlikely that she would have been threatened with sterilization when she obtained her birth certificate in September 1998. Flawed analyses of testimony used to support adverse credibility determinations cannot satisfy the substantial evidence standard. *Id.* at 307.

■ The IJ found that Liu's husband's first affidavit, which mentioned nothing about Liu's abortion (which he had opposed), or the continued harassment Liu asserted she experienced because of her husband's opposition to China's one-child policy, was inconsistent with his second affidavit that did mention those facts. But Liu's husband, Zheng, wrote the first affidavit to explain why he could not testify as a supporting witness. He wrote the second affidavit to corroborate Liu's testimony. It is reasonable that Zheng would not discuss the substance of Liu's claim in his first affidavit but would in the second.

■ The IJ also found that Liu's failure to corroborate her claim with her gynecological check-up book adversely affected her credibility. When asked whether she had one, Liu said she did, but that she had not known that she needed to bring it. This Court has noted the fundamental unfairness of faulting an applicant for failure to present certain documents without first giving her notice and opportunity to remedy that failure. *Poradisova v. Gonzales,* 420 F.3d 70, 79 n. 3 (2d Cir.2005).

■ The IJ found Liu's failure to present an IUD insertion certificate from the October 1992 insertion and her failure to explain its absence undermined her claim. Before penalizing an applicant for failing to present a corroborating document, the IJ must first point to the missing document and then show that it was reasonably available. *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). Here, while the parties were sorting through the evidence, the IJ asked counsel whether such a certificate had been submitted, and counsel noted that it had not. Neither the government nor the IJ ever asked Liu whether such a document was available.

We therefore conclude that the findings supporting the IJ's adverse credibility determination were all, to a greater or lesser extent, flawed. We have previously noted that remand is usually required when the IJ might have reached a different conclusion had she not erred. *Cao He Lin v. United States Dep't of Justice,* 238 F.3d 391, 395 (2d Cir.2005). To be sure, remand may not be required, in spite of error, when (1) the IJ clearly rested his conclusion on an alternative, sustainable ground; (2) the IJ relied so little on the error that there is no realistic possibility of a different result on remand; or (3) the evidence is overwhelmingly in favor of the IJ's finding in spite of the errors. *Id.* Here, there was no alternative ground on which the IJ rested, and thus, the IJ relied solely on the flawed findings which supported the adverse credibility determination. Finally, it is impossible to say that, when all of the findings are flawed, there is no realistic possibility of a different result on remand. Therefore, remand is required.

**CAT**

Because Liu did not argue her CAT claim in her petition for review, the claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. Oct.13, 2005).

## CONCLUSION

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).